**GREZLIK et, Plaintiffs-Appellants, v. LISBON COAL COMPANY et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Jefferson County.

No. 1039.   Decided January 9, 1951.

Chauncey Hawthorne, John R. Spon, William Rogers, Steubenville, for plaintiffs-appellants.

Robert Quinn, Steubenville, for defendants-appellees.

602

## OPINION

By PHILLIPS, PJ.

In this opinion the parties will be called plaintiffs and defendants.

Plaintiffs leased coal lands and buildings thereon, situated in Jefferson County, Ohio, to defendant Albert Felix, by an instrument in writing dated June 28, 1945, which is duly recorded in that county, and which provided inter alia as follows:—

"Witnesseth, that the said parties of the first part for and in consideration of the sum of One Dollar ($1.00) and other good and valuable considerations, the receipt of all of which is hereby acknowledged, do hereby exclusively lease unto party of the second part the side-track located on Railroad Siding at Amsterdam, Springfield Township, Jefferson County, State of Ohio, if owned by parties of first part, or party of the second part to get permission to use side-track from Railroad Company, if side-track is owned by Railroad Company.

"* * * Party of the second part agrees to pay unto party of the first part rental for aforementioned property, buildings, etc., at the rate of Fifty Dollars ($50.00) per month. Rental to be paid in advance from month to month at the beginning of the month for the month. This lease to continue as long as rental payments are made."

The execution of the lease was acknowledged before J. K. Smith, Justice of the Peace, as follows:—

"Sworn to and signed in my presence this 20th day of September, 1945.

J. K. Smith
Justice of the Peace

"My Commission Expires January 1, 1948."

Subsequently defendant Felix subleased such lands to John Paul Jackson, and both of them were notified in writing by defendants on August 29, 1947, that such lease was terminated and demand made for possession of such leased real property on October 1, 1947.

On October 27, 1947, plaintiffs sued defendants in the court of common pleas in ejectment and for damages for waste committed on the leased lands.

Between October 27, 1947, and October 15, 1948, defendant Felix subleased the leased lands to defendant Lisbon Coal Company.

On October 15, 1948, plaintiffs sued defendant Lisbon Coal Company in the court of common pleas seeking the same relief as that sought in the prior action, to which reference has been made. Defendant Lisbon Coal Company filed its answer in that action on November 3, 1948. Subsequent thereto by amended petition plaintiffs made defendant Felix a party to that action, and he filed an answer therein on June 6, 1949.

Subsequent to the eviction notice plaintiffs refused all payments and tender of payments made by defendant Felix.

It is urged by assignments of error filed in this court by plaintiffs in support of their appeal on questions of law that the trial judge erred to plaintiffs' prejudice in determining "this cause solely on the agreed statement of facts and rendering a judgment thereon," and "in determining that the issues in this case were to be determined solely upon the agreed statement of facts"; in rejecting final judgment for defendants; in overruling their motion for a new trial; that his decision and judgment for defendants entered thereon are against the manifest weight of the evidence and are contrary to law; and that "the primary controverted questions in this case are: First: Was the lease executed by Bennie Grezlik and Basilio Tomasi, plaintiff appellants with Albert Felix, lessee, on the 28th day of June, 1945, a valid lease? Second: If said lease was valid, has the term expired?"

Plaintiffs contend that such lease is invalid because it is indefinite, contains no date of beginning nor termination, and was not executed properly.

Counsel for plaintiffs further contend that the provision "rental to be paid in advance from month-to-month, at the beginning of the month for the month" is "the only language in the entire instrument bearing on the duration of the term," which by the terms and language of the lease created a tenancy from month to month.

The trial judge found that the acknowledgment of the lease complied substantially with the statute governing the execution of written instruments, and that plaintiffs were bound to the lease as long as rental payments were made in accordance with the terms thereof, which counsel for defendants claim created a perpetual lease.

In the case of **Hallock v. Kintzler, 142 Oh St, 287,** the supreme court said:—

"Perpetual leases are not favored by the law and an intention to create such a perpetuity must be clearly shown.

"A lease will not be construed to create a right to perpetual renewal unless the language employed clearly indicates that it was the intention of the parties so to do."

The language employed by the parties in the lease indicates clearly and unambiguously that it was the intention of the parties to create a perpetual lease so long as the terms thereof were complied with, and the trial judge found so correctly.

As suggested the parties submitted the matter to the trial judge by stipulation and amended stipulation, and in our opinion the trial judge rightly limited himself to the stipulated facts, and did not err to plaintiffs' prejudice as claimed in plaintiffs' assignment of error with reference thereto.

Finding no error prejudicial to the plaintiffs in any respects charged in their assignments of error the judgment of the court of common pleas is affirmed.

NICHOLS, J, GRIFFITH, J, concur in judgment.