PRESIDENT AND TRUSTEES OF THE OHIO UNIVERSITY, APPELLANTS, *v.*
THE ATHENS LIVESTOCK SALES, INC., APPELLEE.*

(No. 559—Decided May 1, 1961.)

*Mr. Mark McElroy*, attorney general, *Mr. John A. Hakins* and *Mr. Victor S. Krupman*, for appellants.

*Messrs. Callard, Stauffer & Asher* and *Mr. R. J. Jones, Jr.*, for appellee.

BROWN, J. This is an appeal on a question of law from a judgment of the Common Pleas Court of Athens County rendered on August 19, 1960, finding that the language of the instrument in question is clear and unambiguous and that the lease in question creates a perpetual lease.

On March 30, 1959, a petition was filed by the plaintiffs, appellants herein, praying for a declaratory judgment of the re-

---

*Motion to certify the record overruled (37201), November 1, 1961.

spective rights of the plaintiffs and the defendant, appellee herein, in and to a certain lease. Defendant's answer admitted all material allegations of plaintiffs' petition and joined in the prayer for relief. Defendant tendered to the trial court the rental payments required by the terms of the lease. Plaintiffs refused to accept the payments, claiming cancellation of the lease.

The lease in question was executed on February 16, 1937, by W. W. Totman and his wife, as lessors, and C. A. Gardner and B. G. Chapman, lessees. It was assigned by the lessors to the plaintiffs on August 25, 1943, and by one of the lessees, B. G. Chapman, and the surviving spouse of the other lessee to the defendant on May 29, 1954.

The sole question presented is the legal effect of the lease. Does it create a leasehold interest which may be terminated by the election of plaintiffs as assignees of the original lessors, or does it create a tenancy which can only be terminated by some default or affirmative action on the part of the defendant as assignee of the original lessee, i. e., a perpetual lease.

The controlling portion of the lease in question is as follows:

"To have and to hold the same, with the appurtenances, unto the said lessees, for and during the full term of three years, from the first day of March, A. D. 1937, until the first day of March, A. D. 1940, and thereafter on a year to year basis until terminated by the lessees by one month's notice in writing to the lessors thirty days prior to March first of the year 1940 or any succeeding year.

"Yielding and paying therefore, during the term aforesaid yearly rent of one hundred and fifty dollars ($150.00) payable in equal semi-annual installments of seventy-five dollars ($75.00) each, on the first day of September, 1937, and the first day of March, 1938, and on the same days of each and every succeeding year during the term of this lease."

In consideration of the assertion of defendant that this lease conferred upon lessees the right to perpetual renewal, it must be remembered that the law does not favor perpetual leases. A lease will not be construed as conferring a right to perpetual renewals unless it is clearly so provided, in language so plain and unequivocal as to leave no doubt that such was the intention and purpose of the parties. A lease will, if possible, be

so construed as to avoid a perpetuity by renewal. 32 American Jurisprudence, 813, Landlord and Tenant, Section 968; 51 Corpus Juris Secundum, 606, Landlord and Tenant, Section 61. In Ohio, leases in perpetuity have been held valid and are not contrary to any Ohio statute or common-law decision. 33 Ohio Jurisprudence (2d), 334, Section 63.

But *Hallock* v. *Kintzler* (1943), 142 Ohio St., 287, states the general rule in Ohio as follows:

"1. Perpetual leases are not favored by the law and an intention to create such a perpetuity must be clearly shown.

"2. A lease will not be construed to create a right to perpetual renewal unless the language employed clearly indicates that it was the intention of the parties so to do."

The court below carefully considered the *Hallock case* urged by the plaintiffs as well as the case of *Grezlik* v. *Lisbon Coal Co.*, 65 Ohio Law Abs., 601, urged by the defendant, where the court found a perpetual lease created. It noted "that every written instrument must be interpreted upon the written provisions therein with the purpose of ascertaining the intention of the parties thereto," and was of the opinion that the *Hallock case* provided for a method of renewal and the case under review a method of termination. We agree.

The provisions in the *Hallock case* for interpretation were:

"It is mutually agreed by and between the parties that this lease may be renewed from year to year at the same rental at the option of the lessee, provided however, that said lessee shall give thirty (30) days written notice to the lessors of his intention so to renew."

The pertinent provisions of the lease in the *Grezlik case* were:

"This lease to continue so long as rental payments are made."

While strongly in favor of the principles of the *Hallock case*, we are bound by the terms of the instrument and must give credence to the expressions therein indicating the intentions of the parties to enter into a covenant for permanent renewal. To do otherwise would be to force a construction that is not clearly apparent on the face of the lease.

The language of the lease clearly sets forth the necessity of a positive act on the part·of the lessees, *i. e.*, termination by them

by one month's notice in writing thirty days prior to March first of the year 1940 or any succeeding year before the agreement can be ended. Otherwise, the lease was in effect until the lessees give proper notice. The use of the words "thereafter," "terminated by the lessees" and "succeeding years" in their context can support only this conclusion.

While the language of the document undoubtedly could have been improved by the use of such words as "forever," "for all time," "in perpetuity" or other standard words denoting perpetuity (see *Geyer* v. *Lietzan*, 230 Ind., 404, 103 N. E. [2d], 199), we are of the opinion, in considering the instrument as a whole, that it was the intention of the parties to create a perpetual lease so long as the terms were complied with. This conclusion is further buttressed by the conduct of the original parties and their successors for a period of over twenty years. See 32 American Jurisprudence, 812, Section 966.

The judgment appealed from is hereby affirmed.

*Judgment affirmed.*

RADCLIFF, P. J., and COLLIER, J., concur.