This is an appeal from a judgment of the Sylvania Municipal Court, Small Claims Division, finding that appellant, Kris A. Kostrzewski, was not entitled to damages for loss of rent and costs to mitigate damages in re-renting a home.
The Statement of Evidence and exhibits filed in this case reveal that appellees, Robie and Noma Gaston, entered into two residential leases with appellant on June 11, 1997. The first lease was for the one month rental of a house owned by appellant, commencing on July 1, 1997 and ending on July 31, 1997. The second agreement was for the lease of the same house for a two year period, commencing on August 1, 1997 and ending on July 31, 1999.
The agreements are signed by the parties; they are not in compliance with R.C. 5301.01, the Statute of Conveyances[1]. A list of the conditions of the rental is attached to the second lease agreement and also signed by the parties. Under the terms of the lease, the monthly rent for the premises is $1,450 per month. The covenants and conditions appended to the second lease also require a security deposit of $1,450, due on or before July 1, 1997. The face of the second lease only contains a handwritten penalty of eighteen percent per annum on any past due rent. A typewritten "ADDENDUM" signed by the parties and attached to the conditions and covenants, reiterates the eighteen percent interest charge and a $30 fee for returned checks. The ADDENDUM" is not incorporated into either lease.
It is undisputed that, in early June, appellees tendered a check in the amount of $500 toward the first month's rent and security deposit. Appellant cashed this check and placed the money in his checking account. On July 1, 1997, appellees were given the keys to the property as well as two automatic garage door openers. The Gastons put the electrical service for the property in their name as of July 1, 1997 and moved in some of their possessions-a telephone, some trophies and a hose. They tendered a check, dated July 2, 1997, for $2,400 to appellant for the remainder owed on the security deposit and rent. Appellees then left the state to see Robie Gaston's father, who had a partial stroke and pneumonia.
On July 11, 1997, appellant learned that the July 2 check could not be cashed due to insufficient funds in the Gastons' account. He left a note at appellees' apartment (not the rented premises) stating that he wanted to terminate the lease for failure to timely pay the rent and security deposit and demanding the return of the key and garage door openers. Noma Gaston claimed that she wanted to work out the problems with the owed payments and contacted appellant about the matter, but that appellant changed the locks on the house and that the garage door openers would not work. Appellant denied changing the locks until after the Gastons had the electric power to the house shut off on July 28, 1997. He also purchased two new automatic garage door openers after that date.
Appellant advertised and found another tenant to rent the property for a term of two years, beginning in August 1997. In October 1997, appellant sent appellees a letter demanding $1,210 for damages he suffered, allegedly as a result of appellees' failure to comply with the terms of the lease. On January 6, 1998, appellant filed the instant action claiming that he incurred $1,421 in damages as a result of appellees' failure to perform under the lease agreement. According to appellant, $1,192 of this amount was the rent still due and owing.
After holding a hearing, the court below found that the $500 check used as partial payment of the security deposit was returned for insufficient funds, that the check was reissued and was accepted by appellant and that appellees did therefore have a right of occupancy. According to the court, appellant denied appellees occupancy of the premises. Based on this finding, plus the acceptance of the $500 check, the court found appellant waived any right to rent during the period of "unoccupancy." The court then found in favor of appellees.
In his pro se appellate brief, appellant fails to set forth any assignments of error. However, he does set forth the following "reasons" for his appeal:
 "1. That Judgment has been granted for Defendants and Plaintiffs [sic] case dismissed with Court explanation not supported by produced statement or evidence by any of both parties."
 "2. Therefore to give the Court the opportunities [sic] to review the case and all evidences [sic] again, including Plaintiffs [sic] Exhibits No. 1 through 7 since Judgment explanation has been based on non-existent facts."
In essence, appellant contends the trial court's judgment is against the manifest weight of the evidence.
Judgments supported by some competent, credible evidence going to the essential elements of a cause cannot be reversed as being against the manifest weight of the evidence. C.E.Morris v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus.
The trial court's judgment, finding waiver, is partially based on the alleged acceptance of a $500 check making good a check returned for insufficient funds. There is no evidence in the record to support this finding. The court also found that appellant prevented appellees from occupying the leased premises. The only evidence in the record suggesting that appellant "locked out[2]" appellees occurred after they were given possession and control of the rented premises (A lease transfers both possession and control of the leased premises to the tenant. Riley v. Cincinnati Metro. Hous. Auth. (1973),36 Ohio App.2d 44, 48.) and moved some of their belongings into the rented home. The only evidence in the record to establish that appellees ever surrendered possession or control[3] of the leasehold was the stoppage of electrical service on July 28, 1997. However, there is no evidence in the record showing that appellees ever returned the key to the premises or the automatic garage door openers to appellant. Noma Gaston indicated that appellees were still interested in "working out" the lease and setting up a time to "pay on the check." Furthermore, there is no evidence in the record to demonstrate that appellant effectively terminated the lease pursuant to R.C. 5321.03(A) and R.C. Chapter 1923. Accordingly, the trial court's judgment is not supported by some competent, credible evidence and is, therefore, against the manifest weight of the evidence. Both of appellant's "assignments of error" are found well-taken.
Pursuant to App. R. 12(C), the judgment of the Sylvania Municipal Court, Small Claims Division, is reversed and this court now enters the judgment that should have been entered by the municipal court.
Based on the evidence offered below, we find that appellees entered into a written lease agreement to rent a house from appellant for a period of one month, from July 1, 1997 through July 31, 1997. Appellees' rent obligation continued until such time as the possession of the premises reverted to appellant on August 1, 1997. Huber Investment Corp. v. Warner (Jan. 30, 1998), Montgomery App. No. 16545, unreported. Appellees paid appellant $500 toward a security deposit and/or rent, leaving a balance of $950[4] owed on the rent. Appellant is entitled to the $84.89 that he spent on two new garage door openers. With regard to the advertisement for the lease of the property after
July 31, 1997, appellant is not entitled to reimbursement for the cost of this advertisement. Further, appellant cannot recover $30 as a "returned check" fee or eighteen percent interest on past due rent because neither of these conditions are part, i.e., are incorporated into, the July lease agreement. Accordingly, judgment is rendered in favor of appellant, Kris A. Kostrzewski, in the amount of $1,034.89. This cause is remanded to the trial court for execution of this court's judgment. Appellees are ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ---------------------------- JUDGE
Melvin L. Resnick, J. ---------------------------- JUDGE
Richard W. Knepper, J. CONCUR. ---------------------------- JUDGE
[1] This does not affect appellant's ability to enforce the one month lease for July. It would simply render the two year lease a month-to-month tenancy. See, e.g., Frank v. Flynn (1964),120 Ohio App. 361.
[2] Moreover, appellees, even if locked out of the rented home, were required to pay their rent and then bring suit for civil damages. See R.C. 5321.15.
[3] Surrender of a leasehold by operation of law is valid, "when the conduct of the parties to the lease implies a mutual agreement to the tenant's surrender of the lease and landlord's acquiescence thereto. See generally, 33A Ohio Jurisprudence 2d (1976) 256, Landlords and Tenants, Section 351." Pietrykowskiv. Hamblin (Apr. 12, 1985), Wood App. No. WD-84-86, unreported.
[4] Appellant had no right to retain appellees' $500 as partial payment of a security deposit. First, it is unclear whether the conditions and covenants attached to the second agreement are applicable to the first agreement. Second, those covenants expressly state that "[s]aid security deposit and application and refund thereof shall be governed by Ohio Revised Code Section 5321.16." Pursuant to R.C. 5321.16(B), appellant was required to use the $500 toward any rent past due and then, if appellees violated R.C. 5321.05, seek damages taken from the other $950 due on the security deposit. Additionally, appellant's "ADDENDUM" stating that no part of the security deposit shall be used as rent for "any other months" is inconsistent with R.C. 5321.16(B), and is, therefore, unenforceable. R.C. 5321.06; Allstate Ins. Co. v. Dorsey
(1989), 46 Ohio App.3d 66, 68. The statute prevails and required appellant, for this residential property, to apply the $500 toward rent and/or other damages.