ALLSTATE INSURANCE COMPANY
ET AL., APPELLEES, *v.* DORSEY,
APPELLANT.

(No. 13162—Decided
March 2, 1988.)

*Mark Hura,* for appellees.
*Dan J. Cavanaugh,* for appellant.

MAHONEY, J. Loretta E. Dorsey appeals from an order of the trial court which granted judgment to the plaintiffs, Allstate Insurance Company ("Allstate"), Charles A. Riddiford and Erika Z. Riddiford. We reverse.

The facts giving rise to this cause are uncontroverted. The Riddifords owned certain residential property, located at 1688 Karg Drive, and rented it to Dorsey. In April 1985, a fire occurred on the premises, causing damage in the sum of $2,008.98. The Riddifords insured the property through Allstate.

The parties agree that the fire was caused by the negligence of Richard A. Dowdell, Dorsey's emancipated son. Richard was Dorsey's guest at the time of the incident and was not a party to the lease. The briefs indicate that Dowdell heated some grease to make french-fried potatoes and the grease ignited. Dorsey was asleep when the fire started. Allstate and the Riddifords brought this action against Dorsey without naming Richard as a defendant. Based upon these stipulated facts, the trial court determined that Dorsey was liable. This appeal followed.

In her sole assignment of error, Dorsey contends that the trial court erred in determining that she was liable as a matter of law for the negligence of her son. Under the facts *sub judice,* we agree.

R.C. Chapter 5321, the Ohio Landlord and Tenant Act of 1974, enumerates the legal obligations that a residential tenant owes to his or her landlord. Allstate and the Riddifords contend that Dorsey is liable under R.C. 5321.05(A)(6), which provides:

"(A)  A tenant who is a party to a rental agreement shall:

"* * *

"(6)  Personally refrain, and forbid any other person who is on the premises with his permission, from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the premises[.]"

In order for Dorsey to be held liable under the statute for damages caused by the negligent acts of a third person, it must be shown that Dorsey was at least cognizant of the third person's presence, and of his intentions or actions. See *Ohio Cas. Ins. Co.* v. *Wills* (1985), 29 Ohio App. 3d 219, 221-222, 29 OBR 264, 267, 504 N.E. 2d 1164, 1168. At trial, Allstate and the Riddifords appear to have proceeded upon the proposition that R.C. 5321.05(A)(6) imposes strict liability upon a tenant for the negligent acts of a guest. Thus, there were no allegations, nor was there evidence presented, to indicate that Dorsey observed or was otherwise aware of the actions of her son. Consequently, the facts presented to the trial court do not support a finding that

68

Dorsey failed to fulfill her obligations under R.C. 5321.05(A)(6). The granting of summary judgment on this basis was improper.

However, Allstate and the Riddifords also contend that Dorsey is liable pursuant to the terms of the lease agreement. Paragraph 8 of the "Standard Conditions" contained in the agreement provides:

"The Lessee(s) shall be liable and shall pay for damage to property, appliances, broken glass, plumbing, [and] sewer and drain stoppage caused by carelessness. The Lessee(s) shall not, however, be held for normal wear and tear consistence [sic] with careful use of the property."

R.C. Chapter 5321 generally governs the obligations and remedies of parties to rental agreements and leases of residential premises in Ohio. See *Schroades* v. *Rental Homes, Inc.* (1981), 68 Ohio St. 2d 20, 21-22, 22 O.O. 3d 152, 153, 427 N.E. 2d 774, 775. While a landlord and tenant may include terms and conditions in a rental agreement which impose obligations not contained in R.C. Chapter 5321, terms which are "inconsistent with or prohibited by" R.C. Chapter 5321 may not be included. R.C. 5321.06.

Since Paragraph 8 of the rental agreement makes Dorsey liable for all damages caused by anyone's carelessness, that provision is inconsistent with R.C. 5321.05(A)(6) and is, consequently, unenforceable under R.C. 5321.06.

### Summary

Dorsey's assignment of error is sustained. The judgment of the trial court is reversed. Pursuant to App. R. 12(B), judgment is hereby entered in favor of Dorsey.

*Judgment reversed.*

QUILLIN, P.J., concurs.

GEORGE, J., concurs separately.

GEORGE, J., concurring separately. When statutory law is enacted in an area previously covered by the common law, the statutory law supersedes the common law, but only to the extent that its language specifically provides. *State, ex rel. Morris,* v. *Sullivan* (1909), 81 Ohio St. 79, 90 N.E. 146, paragraph three of the syllabus. Thus, where a legislative Act is silent, the common law persists. And where the common law has neither been modified nor abrogated by statute, the common law has the same force and effect as a statute. *Schwindt* v. *Graeff* (1924), 109 Ohio St. 404, 407, 142 N.E. 736, 737.

In the Landlord and Tenant Act, the legislature continued to protect the tenants' common-law rights to quiet enjoyment and exclusive possession. Statutory duties are imposed on the landlord under R.C. 5321.04. R.C. 5321.13(F) provides that the landlord may agree to assume the responsibility for fulfilling any duty or obligation imposed upon a tenant. On the other hand, the imposition of duties upon the tenant under R.C. 5321.05 fails to protect the landlord's common-law right to have the property returned in as good a condition as it was delivered to the tenant, absent normal wear and tear.

While R.C. 5321.05 does impose a number of duties on the tenant which prohibit acts of waste and require keeping the property in good condition, any tenant's obligation beyond those enumerated, that are inconsistent with R.C. Chapter 5321, are ineffective. R.C. 5321.06. The limiting character of these provisions leaves a gap in the legislation overlooking the landlord's common-law rights. Such legislative treatment is inconsistent with the common law by failing to provide for those landlord-tenant matters which are not addressed by the Act.

R.C. 5321.05(A)(6) merely requires a tenant who has exclusive possession of a property to forbid a guest from intentionally or negligently damaging or destroying the property, where the tenant has notice or is aware of the actions of the guest. Absent such knowledge, the loss falls upon the landlord who has no control over the actions of the guest, and who retains the common-law right to have the property returned in as good a condition as it was delivered. Further, even if the tenant is aware of the actions of the guest, to comply with his statutory duty, he need only give a verbal command to the guest to refrain from his action. *Ohio Cas. Ins. Co.* v. *Wills* (1985), 29 Ohio App. 3d 219, 29 OBR 264, 504 N.E. 2d 1164, paragraph one of the syllabus. If this verbal command fails to result in the cessation of the guest's actions, presumably the tenant has discharged his statutory duty and again the landlord incurs the loss. In either case, the landlord is forced to repair the damage in order to protect his common-law right to have the property returned in as good a condition as delivered. This anomaly may be further compounded should the tenant then claim he has been constructively evicted because of the damage caused by his guest.

The common law is based on common sense. It makes no sense to give such immunity to tenants for damages caused to the leased premises during their tenancy. The legislature needs to address this subject further.