JENKINS

v.

BOYCE. ■

Akron Municipal Court,
Summit County, Ohio.

No. 98 CVG 04851.

Decided Sept. 21, 1998.

100

*Karen Jenkins, pro se.*

*Toni Boyce, pro se.*

ELINORE MARSH STORMER, Judge.

This case was tried before the court on August 31, 1998. Both parties represented themselves. Plaintiff seeks $2,000 for damages to a rental property leased to defendant and raises an issue of first impression concerning liability for the criminal acts of others.

Plaintiff Karen Jenkins owns K & D Enterprises and in that capacity, on July 14, 1997, leased to defendant Toni Boyce the property at 470 Zahn Drive, Apartment 2. Boyce was to pay $635 per month for rent, and the same amount as a security deposit.

Boyce fell behind in her rent payments and Jenkins began eviction proceedings in May 1998. Boyce received help from Akron Summit Community Action and provided funds for the rent. On July 4, 1998, Jenkins accepted $439 for rent and agreed not to evict Boyce for thirty days. However, on July 9, 1998, pursuant to an eviction filed by Jenkins, the court ordered Boyce to leave the premises by July 20.

Boyce testified that she expected to have until the end of July to move out when the original lease agreement terminated. Therefore, she was caught off guard by the eviction notice. On July 14, she moved her four children and herself to a shelter, leaving behind furniture, beds, food and various other items in the house because they had nowhere to take them. Instead of delivering her keys to Jenkins, she put them in the Apartment 2 mail box. She did not inform Jenkins that she was leaving. Boyce testified that she did not deal personally with Jenkins after the eviction notice because she was upset that Jenkins had breached the agreement not to evict, and just wanted to get out.

Jenkins was in the apartment on July 7, and testified that there was minor damage to the premises at that time. She returned on July 15 to find substantial damage to the apartment. Pictures and videos reveal significant damage to, among other things, countertops, cabinets, and the porch, with multiple holes in

the wall and ketchup, mustard, flour, and scouring powder smeared all over the walls and into the carpet. There was no evidence of forced entry.

Boyce concedes that some of the damages to the premises that Jenkins observed on July 7 were her responsibility. Specifically, she admits to damage to the screens, smoke detectors, closet hardware, and to the graffiti on the deck. She denies all responsibility for the severe damage to the apartment. She testified that she was told by others that vandals were responsible, and she filed a police report. Since she had already left the premises and had turned in her keys, she claims that the apartment was not her responsibility at that time.

Jenkins claims that Boyce trashed the apartment out of spite or that she had some of her adult male friends do it. In the alternative, Jenkins claims that placing keys in the mail box was reckless, and allowed vandals access to the apartment. She also claims that since she was not notified that Boyce had left the premises, Boyce was still a tenant and therefore responsible for all damages according to the lease agreement.

Paragraph 3 of the agreement reads: "Tenant has examined and knows the condition of said premises and has received the same in good order and repair and will surrender pocession [*sic* ] of said premises in like condition as reasonable and careful use will permit ."

Paragraph 8 of the agreement reads in part: "The tenant will be charged for all damages done to the renta [*sic* ] unit during their tenancy."

Chapter 5321 of the Ohio Revised Code codifies the Landlord and Tenant Act of 1974, spelling out the rights and obligations of residential landlords and tenants. Specific to this case, R.C. 5321.05(A)(6) explains the duty that a tenant owes to the landlord regarding damages to the property:

"(A) A tenant who is a party to a rental agreement shall do all of the following:

"* * *

"(6) Personally refrain and forbid any other person who is on the premises with his permission from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the premises[.]"

R.C. 5321.05(A)(6) establishes the liability of a tenant for the negligent acts of permitted guests. It does not address the criminal acts of unpermitted persons upon the property, nor do any cases that have interpreted the statute. Thus, this is a case of first impression. Two cases are helpful, however.

In *Ohio Cas. Ins. Co. v. Wills* (1985), 29 Ohio App.3d 219, 29 OBR 264, 504 N.E.2d 1164, the landlord and insurance company sought to hold the tenant liable for damages caused by the *negligent* acts of a permitted guest. The court considered R.C. 5321.05(A)(6), stating that interpretation of the statute should

achieve a reasonable balance between the rights of the landlord and tenant. *Id.* at 221, 29 OBR at 266, 504 N.E.2d at 1167. The court noted:

"To require a tenant to predict and prevent a guest from acting carelessly would place the onerous burden of constant and personal supervision on a tenant. * * * The legislature could not have intended to impose such an unrealistic burden on a tenant." *Id.*

Upon similar facts in *Allstate Ins. Co. v. Dorsey* (1988), 46 Ohio App.3d 66, 545 N.E.2d 920, the Ninth District cited *Wills* with approval for the proposition that a tenant must at least be cognizant of a third party's presence and of his intentions or actions to be liable under R.C. 5321.05(A)(6). *Id.* at 67, 545 N.E.2d at 920–921. The court also held that while the parties may include provisions in a lease agreement that are not codified in R.C. Chapter 5321, according to R.C. 5321.06, they may not include ones which are prohibited by or inconsistent with any of the statutes. *Id.* at 68, 545 N.E.2d at 921–922. Therefore, any provision which makes a tenant liable for all damages caused by an unidentified third party's carelessness or vandalism is unenforceable under R.C. 5321.06. *Id.*

In this case, landlord Jenkins claims that Boyce either intentionally caused the damage herself or had some of her adult friends do it for her. The court finds that Jenkins has not proven these allegations. Therefore, Jenkins's only claim for Boyce's liability is that under R.C. 5321.05(A)(6), Boyce should be held liable for damages resulting from the criminal acts of trespassers. To require a tenant to prevent the criminal actions of those who are not guests would impose a much greater burden on the tenant than that which was rejected in *Wills* and *Dorsey*. Such a burden of strict liability upon the tenant is unreasonable and is not contemplated by R.C. 5321.05(A)(6).

Jenkins also claims that Boyce was still a tenant when the damages occurred because she had not formally surrendered her keys and informed Jenkins that she was leaving. Plaintiff argues that Boyce still has an obligation under Section 8 of the lease agreement for all damages to the premises. As a tenant, Boyce is responsible for all damages arising as a result of her own negligence under R.C. 5321.05(A)(6).

Any act on the part of the landlord that amounts to an eviction makes a formal surrender of the premises unnecessary. See *City Natl. Bank & Trust Co. v. Swain* (App.1939), 29 Ohio Law Abs. 16, 23. Because the formal eviction had begun and the moveout date was less than a week away, Boyce's vacation of the property and leaving of the keys in the mail box operate as the required surrender of the premises, terminating any rights or obligations that she or Jenkins had under the lease agreement.

The court holds that R.C. 5321.05(A)(6) does not permit a tenant's liability for damages resulting from criminal acts of trespassers. Lease provisions attempting to impose such tenant liability are unenforceable as contradictory to law. If Boyce had been a tenant at the time the vandalism occurred, she would not be liable for the damages under R.C. 5321.05(A)(6). Even if Boyce were negligent in leaving her keys in the mailbox, it would be unreasonable to hold her responsible when unrelated criminal trespassers were the cause in fact of the damages.

Jenkins has failed to prove that Boyce caused the damages or that she had a duty to prevent the damage that resulted from the criminal acts of others. However, Jenkins is entitled to restitution for the damages to which Boyce has admitted. According to the testimony of both parties, it appears that there was some other nonmalicious damage to the apartment, beyond normal wear and tear, the extent of which cannot be proven exactly due to the substantial nature of the subsequent damage. The court finds that Jenkins is entitled to keep the security deposit, but judgment is entered in favor of the defendant at plaintiff's costs.

IT IS SO ORDERED.

*Judgment accordingly.*