Defendant-appellant, Mary E. White, appeals from an order of the East Liverpool Municipal Court, Columbiana County, granting plaintiff-appellee's, Donegal Companies, motion for summary judgment.
The parties have stipulated to the facts as follows. Margie White and Alice Tingler are the landlords of property located at 924 Orchard Grove Avenue, East Liverpool, Ohio. On October 10, 1997, the landlords leased the subject property to defendant-appellant, Mary E. White. When appellant moved in she placed a waterbed in her bedroom. On or about September 4, 1996, the waterbed developed a leak causing property damage to the premises in the amount of $3,751.04. Appellee, as insurer of the landlords, paid them $3,501.04 pursuant to the terms of the insurance policy. Consequently, appellee became subrogated to the rights of the landlords.
In an amended complaint filed on October 10, 1997, appellee sued appellant alleging negligence and breach of contract. Appellee asserted that appellant was liable for the property damage to the rental property insured by it.
Appellant filed a motion for summary judgment on November 5, 1997. On November 10, 1997, appellee also filed a motion for "summary judgment. Appellant filed a brief in opposition to appellee's motion for summary judgment on November 17, 1997. On November 20, 1997, appellee filed a brief in opposition to appellant's motion for summary judgment and in further support of its own motion for summary judgment.
On December 5, 1997, the East Liverpool Municipal Court granted appellee's motion for summary judgment and entered an award in favor of appellee in the amount of $3,501.04 plus interest and costs. This appeal followed.
Appellant alleges in her sole assignment of error that:
 "THE TRIAL COURT ERRED to the PREJUDICE of DEFENDANT-APPELLANT in GRANTING PLAINTIFF-APPELLEE'S MOTION for SUMMARY JUDGMENT as THERE EXISTS A MATERIAL ISSUE of FACT to be PRESENTED to the TRIER of FACT and PLAINTIFF was NOT ENTITLED to JUDGMENT as a MATTER of LAW."
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. WillisDay Warehousing Co. (1976), 54 Ohio St.2d 64,66. See, also, Civ.R. 56(C).
 "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * *" (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 293
The "portions of the record" or evidentiary materials listed in Civ.R. 56(C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. Furthermore, the court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
 "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher, supra, at 293
In this case, the trial court's judgment entry did not state specific reasons why it was granting appellee's motion for summary judgment. Instead, the trial court indicated that it was granting summary judgment in favor of appellee for the reasons stated in appellee's motion for summary judgment and its brief in opposition to appellant's motion for summary judgment. In its complaint and motion for summary judgment, appellee asserted two separate theories of liability — negligence and breach of contract.
A. Negligence
It is well settled that a negligence cause of action requires proof of three essential elements: (1) the existence of a duty; (2) a breach of the duty; and (3) an injury proximately resulting from the breach. Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 688; Federal Steel Wire Corp. v. RuhlinConstr. Co. (1989), 45 Ohio St.3d 171, 173; Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75,77.
"The existence of a duty in a negligence action is a question of law for the court to determine." Mussivand v. David (1989),45 Ohio St.3d 314, 318. This duty may arise ' "by virtue of the pronouncements of the common law, by legislative enactment, by operation of law, by express or implied provision of contract, or may result from the relation of the parties." 70 Ohio Jurisprudence 3d (1986) 59, Negligence, Section 16.
In this case, there is no dispute that appellant owed appellee a duty. The existence of that duty can be attributed to any one of three sources. The first source is common law. "The common-law duty of due care is that degree of care which an ordinarily reasonable and prudent person exercises, or is accustomed to exercising, under the same or similar circumstances." Mussivand, supra, at 318. The second source is legislative enactment (i.e., statute). R.C. 5321.05(A)(6) provides:
 "(A) A tenant who is a party to a rental agreement shall do all of the following:
"* * *
 " (6) Personally refrain and forbid any other person who is on the premises with his permission from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the premises;"
The third source is contract. Page 3, paragraph 5 of the lease agreement signed by appellant reads in pertinent part:
 "* * * Any damage caused to the unit, or any part of the building or lands on which it is located, caused by the tenant, his/her guests or invitees will be repaired at the expense of the Tenant and the Tenant must immediately notify the Landlord of any such damage.
The second element of a successful negligence cause of action is a breach of the duty. In this case, appellee does no more than make the conclusory statement that appellant was negligent in allowing the waterbed to leak. In its motion for summary judgment, appellee stated:
 "In a typical setting, when a tenant causes damage to the rental property, the tenant is liable. [Appellant] acknowledged that the premises was in a good condition when she rented the property and she had the duty not to damage the property. She failed to maintain that duty and caused the plaintiff's damages." Appellee's Motion for Summary Judgment, p. 5.
In essence, appellee asserts that simply by virtue of the event itself (i.e., the waterbed leaking and causing damage) appellant is negligent, and, therefore liable.
In contrast, appellant's cross motion for summary judgment demonstrated that, relative to her breach of duty, there exists a genuine issue of material fact. Appellant cited to her affidavit which was attached to and made a part of her summary judgment motion. In the affidavit, appellant stated that she "performed regular maintenance including chemical treatment and observation for changes in water level, condition, etc." Affidavit of Mary E. White, paragraph 9. She also stated that "at no time did [she] puncture the waterbed, allow the same to be punctured, or engage in any conduct which would facilitate the puncture or piercing of the waterbed." Affidavit of Mary. E. White, paragraph 10. The affidavit, viewed in a light most favorable to appellant, supports the existence of a genuine issue of material fact as to whether appellant breached the duty she owed appellee.
Perhaps cognizant of its inability to prove that appellant was directly negligent, appellee also asserted that appellant was negligent under the doctrine of res ipsa loquitur. Although appellee implicitly asserted otherwise, the doctrine is not an independent basis for recovery. Morgan v.Children's Hospital (1985), 18 Ohio St.3d 185, 187. Res ipsaloquitur is a rule of evidence which permits, but does not require, the trier of fact to infer negligence from the circumstances surrounding the injury or damage. Hake v.Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65, 66.
 "To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. * * * Whether sufficient evidence has been adduced at trial to warrant application of the rule is a question of law to be determined initially by the court, subject to review on appeal. * * *." (Citations omitted.) Id. at 66-67
Appellant readily concedes that she had exclusive control of the waterbed, disposing of the first requirement articulated inHake. Appellant's Brief, page. However, appellant argues that "no evidence was ever adduced to establish the second requirement — "that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed." Appellant again directs the court's attention to her affidavit. In the affidavit, appellant stated that she "performed regular maintenance including chemical treatment and observation for changes in water level, condition, etc." Affidavit of Mary E. White, paragraph 9. She also stated that "at no time did [she] puncture the waterbed, allow the same to be punctured, or engage in any conduct which would facilitate the puncture or piercing of the waterbed." Affidavit of Mary. E. White, paragraph 10. Appellant asserts that these statements support her contention that she exercised ordinary care in her treatment of the waterbed and that there exists a genuine issue of material fact as to whether her actions were sufficient to defeat a claim of negligence.
Appellee asserts that the facts surrounding the incident suggests that the property damage would not have occurred if ordinary care had been observed with respect to the waterbed. According to appellee, those facts are as follows. Appellant had exclusive possession and control of the waterbed at the time of the incident. The waterbed developed a leak. Appellant presented no other evidence as to other causes of the leak.
The facts highlighted by appellee do not support application of the doctrine of res ipsa loquitur. Appellee presented no evidence that the incident occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. Johnson v.Lenox Inn (May 22, 1995), Fairfield App. No. 54-CA-1994, unreported. Instead, appellee makes the conclusory assertion that, by virtue of the waterbed leaking, appellant somehow did not observe ordinary care. As indicated earlier, appellant's affidavit indicates just the opposite.
Appellee states that appellant presented no evidence as to other causes of the leak. However, as the party successfully moving for summary judgment, the initial burden was with appellee to present evidence negating the existence of other causes, not with appellant to affirmatively demonstrate other causes of the leak. Appellee did not aspire to or meet this burden. In contrast, appellant argued in her response to appellee's motion for summary judgment that the incident may have been caused by some other factor than improper or negligent use or maintenance of the waterbed. The waterbed may have been defectively designed or manufactured. Alternatively, the chemicals used to treat the water in the bed may have been defective in some manner. Appellant presented no evidence to support these assertions, but the burden never shifted to her because appellee failed to meet its initial burden.
B. Breach of Contract
In its complaint and motion for summary judgment, appellee asserted that appellant was liable for damages caused by the leaking waterbed under the terms of the lease agreement. Page 3, paragraph 5 of the lease agreement signed by appellant reads in pertinent part:
 " * * * Any damage caused to the unit, or any part of the building or lands on which it is located, caused by the tenant, his/her guests or invitees will be repaired at the expense of the Tenant and the Tenant must immediately notify the Landlord of any such damage.
Appellant attempts to skirt liability under this theory by arguing that the above provision is violative of the Landlord Tenant Act.
R.C. 5321.06 reads:
 "A landlord and a tenant may include in a rental agreement any terms and conditions, including any term relating to rent, duration of an agreement, and any other provisions governing rights and obligations of the parties that are not inconsistent with or prohibited by Chapters 5321 of the Revised Code or any other rule of law."
Appellant argues that the lease provision here is inconsistent with R.C. 5321.05(A)(6), and, therefore, unenforceable. Allstate Ins. Co. v. Dorsey (1988), 46 Ohio App.3d 66,68. R.C. 5321.05(A)(6) provides:
 (A) A tenant who is a party to a rental agreement shall do all of the following:
"* * *
 "(6) Personally refrain and forbid any other person who is on the premises with his permission from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the premises;"
Appellant cites to Dorsey, supra, and Ohio Casualty InsuranceCo. v. Wills (1985), 29 Ohio App.3d 219, in support of her assertion that the provision found in paragraph 5 of the lease agreement is inconsistent with R.C. 5321.05(A)(6) and, therefore, unenforceable. More specifically, appellant asserts that these cases support her argument that the provision in paragraph 5 of the lease agreement is an attempt to hold her strictly liable for damage done to the property. However, each of those cases is distinguishable from the present case. In those cases the damage was caused by a third person. In this case no such assertion has been made or proven. Those cases merely held that a tenant can not be held liable for the acts of third persons unless the tenant was at least cognizant of the third person's presence and of his intentions or actions.
Nevertheless, a careful reading of the provision found in paragraph 5 of the lease agreement reveals that it in no way has the effect of holding appellant strictly liable for property damage. The provision indicates that appellant is responsible only for that damage caused by her or her guests/invitees. The words "caused by" imply that proof of negligence is a threshold to her liability. The provision does not state that appellant is strictly liable for property damage or that she is liable for any damage period. As a result, appellee is still left with the burden of proving that appellant was negligent which, as was indicated earlier, it has failed to do.
In conclusion, appellee failed to demonstrate the absence of a genuine issue of material fact on the essential elements of its claims. More specifically, appellee failed to demonstrate the absence of a genuine issue of material fact as to the issue of appellant's breach of duty.
Accordingly, appellant's sole assignment has merit.
The judgment of the trial court is hereby reversed and this matter is remanded to the trial court for further proceeding according to law and consistent with this opinion.
Cox, J., concurs
Waite, J., concurs
APPROVED:
 ____________________ Gene Donofrio Judge