OPINION
The defendants/appellants Showe Management Corp., et al. ("the appellants"), appeal the judgment of the Findlay Municipal Court, granting their counterclaim against plaintiff/appellee, Eric Kinn, but dismissing their counterclaim against plaintiff/appellee, Heather Kinn. For the following reasons, we affirm in part and reverse in part the judgment of the trial court.
The relevant facts and procedural history are as follows. Heather and Eric Kinn were tenants at the appellants' rental property, 810-E Fox Run Road in Findlay, Ohio. Prior to moving in, they entered into a lease agreement with the appellants.
A fire started outside the front door of the appellee's apartment unit on September 4, 1999. The cause of the fire was revealed to be a cigarette butt discarded by Eric Kinn.
The appellees filed suit against the appellants on February 7, 2000 for wrongful withholding of their security deposit. The appellants counterclaimed against both parties for negligent destruction of property. The trial court found that Eric Kinn had negligently caused the fire. It awarded damages in the amount of $6,256.08, plus interest. A portion of the damages, $1,305.80, was for loss of rent, $21.78 was for unpaid utilities, $63.60 was for abnormal wear and tear to the premises, and $5,264.00 was for fire damage. Damages were reduced by Mr. Kinn's security deposit.
The court dismissed the counterclaim against Heather, holding that she should not be held liable because the fire occurred outside her presence and specific knowledge. She was, however, required to surrender her portion of the security deposit to help pay for the damages. The appellants' motion for attorney fees was also subsequently denied.
The appellants now appeal from these judgments, asserting three assignments of error for our review. For clarity's sake, we will address the second assignment of error first.
 ASSIGNMENT OF ERROR NO. II The trial court erred to the prejudice of defendants-appellants in finding plaintiff-appellee Heather Kinn not statutorily responsible for the negligent acts of plaintiff-appellee Eric Kinn.
The appellants argue that the trial court should have found Heather Kinn jointly and severally liable for the damages caused by Eric Kinn's negligence pursuant to R.C. 5321.05(A)(6) and (C)(1). Based on the following, we disagree with the appellants.
The Ohio Landlord and Tenant Act, which was enacted by the General Assembly in 1974, governs the obligations and remedies of parties to rental agreements.[1] The particular section at issue here is R.C.5321.05(A)(6), which reads in relevant part:
(A) A tenant who is a party to a rental agreement shall:
* * *
 (6) Personally refrain, and forbid any other person who is on the premises with his permission, from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the premises.
We have already held that under this section tenants are not liable for the negligent acts of their guests when they had no knowledge of the acts.[2] Thus, the question for our consideration is whether a tenant can be held liable for the negligent acts of a co-tenant which occurred outside of her presence and knowledge.
In Wills, we stated that it is unjust to hold a tenant liable for the negligent acts of a guest of which he or she is unaware:
 To require a tenant to predict and prevent a guest from acting carelessly would place the onerous burden of constant and personal supervision on a tenant. It would be impossible for a tenant to foresee and prevent all the possible negligent acts a guest could perform.[3]
We now hold that this reasoning applies equally to situations in which the negligent third party is a co-tenant. We acknowledge that this decision is in conflict with the Fourth District case Young v.McCleese,[4] wherein the court held that tenants not in possession or control of a leased premises are liable for the negligent acts of co-tenant.[5] The Young court distinguishes our holding inWills based on the fact that a co-tenant, unlike a guest, is also bound by the terms of R.C. 5321.05(A) to refrain from damaging the premises. However, we believe that our holding today is more consistent withWills and with the intent of R.C. 5321.05(A). Since the statute requires a showing of negligence or intent to hold a tenant liable for damage caused by him or her, it makes no sense to hold a tenant strictly liable for the negligent actions of a co-tenant over which he or she had no control.
Accordingly, the appellants' second assignment of error is not well taken and is hereby denied.
 ASSIGNMENT OF ERROR NO. I The trial court erred to the prejudice of defendants-appellants in finding plaintiff-appellee Heather Kinn not contractually responsible for the negligent acts of plaintiff-appellee Eric Kinn.
The appellants assert that the trial court erred when it failed to hold Heather Kinn contractually liable for Eric Kinn's negligence, pursuant to the terms of the partys' rental agreement. For the following reasons, we affirm the judgment of the trial court.
"When addressing matters of contractual interpretation involving questions of law, appellate review is de novo."[6] As the appellants have not assigned error to the trial court's factual findings, it is under this standard of review that we address their argument.
The appellants contend that Heather Kinn is liable under Paragraph (2)(v) of the rental agreement, which reads:
 * * * [W]henever damage is caused by carelessness, misuse, neglect or failure to notify Landlord of any defects as in paragraph (f) on the part of the Tenant, his/her family or visitors, the Tenant agrees to pay (1) the cost of repairs * * * and (2) rent for the period the premises are damaged whether or not the apartment is habitable.
 R.C. 5321 permits parties to a rental agreement to impose obligations beyond those contained in the statute. However, the inclusion of terms that are inconsistent with the statute are precluded.
Paragraph 2(v) is inconsistent with the R.C. 5321.05(A)(6) in that it holds Heather Kinn liable for damages caused by the carelessness, misuse, or neglect of other parties without any determination of her own negligence. Therefore, this term is unenforceable.
The appellants cite Central Mutual Ins. Co. v. Faller, which stands for the proposition that a tenant can be liable for damages negligently caused by a co-tenant regardless of whether he or she is in possession or use of the property.[7] To the extent that Faller is inconsistent with R.C. 5321.05(A)(6), we decline to follow it.
The appellants raise a sort of sub-assignment of error regarding the trial court's damages award. The damage element of a judgment is reviewed under a manifest weight of the evidence standard.[8] An appellate court may not reverse a trial court's judgment as being against the manifest weight of the evidence where the judgment is supported by some competent, credible evidence.[9]
The appellants argue that it is inconsistent for the trial court to rule that Heather Kinn was not liable for the fire damages beyond the amount of her security deposit while at the same ruling that the appellants suffered damages for lost rent in the amount of $1,305.80, unpaid utilities in the amount of $21.78, and other damages beyond ordinary wear and tear totaling $63.50, "not related to the fire."
We believe that the appellants have misinterpreted the trial court's judgment entry. The entry reads, in relevant part, as follows:
 * * * Defendants Showe Management and CGU sustained damages as a result of the fire in the amount of $5,264.00 plus loss of rent in the amount of $1,305.80, as well as unpaid utilities of $21.78 and other damages beyond ordinary wear and tear of $63.50 as a result of the Plaintiffs' tenancy at said premises for which Plaintiffs had deposited $399.00 as security for said tenant obligations.
 As we interpret it, the trial court found that the lost rent damages resulted from the fire, while the unpaid utilities and wear and tear arose from the appellees' tenancy. This interpretation is bolstered by the fact that the parties' rental agreement binds the tenant to pay "rent for the period the premises are damaged whether or not the apartment is habitable." Thus, we find that the trial court's damage award is not against the manifest weight of the evidence.
Accordingly, the appellants' second assignment of error is not well taken and is hereby denied.
 ASSIGNMENT OF ERROR NO. III The trial court erred to the prejudice of defendants-appellants in overruling their motion for attorney's fees.
For their final assignment of error, the appellants assert that the trial court erred by finding the decision to award attorney's fees under R.C. 5321.05(C)(1) to be discretionary. Upon so finding, the trial court declined to award attorneys fees on behalf of the appellants. We agree that the trial court erred.
This issue is one of first impression for Ohio appellate courts. As the appellants point out, although the statute is silent as to whether the award of attorney's fees is discretionary, at least one court has held that an award of attorney's fees on behalf of the tenant pursuant to R.C.5321.16(C) is mandatory where a landlord wrongfully withholds a security deposit.[10] We hold that attorney's fees are also mandatory where a landlord recovers against a tenant under R.C. 5321.05(C)(1).
To begin with, we note that our interpretation of the statute is guided by the Ohio State Supreme Court's language in Vardeman v. Llewellyn:
 The Landlord-Tenant Act must be interpreted in such a manner that fair and equitable treatment will be afforded to both landlords and tenants. In many instances, the statute may be reasonably construed as having been enacted with the recognition of some degree of imbalance in the stance of the tenant in his dealings with the landlord; however, we must not construe any portion of the Act so as to render an inequity on the landlords of this state.[11]
R.C. 5321.16(C), which allows tenants to recover attorney's fees for a wrongfully withheld security deposit, reads as follows:
 If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees.
R.C. 5321.05(C)(1) states in pertinent part:
 If the tenant violates any provision of this section * * * the landlord may recover any actual damages that result from the violation together with reasonable attorney's fees.
The trial court herein determined that the use of the word "may" in this division indicates that the award of attorney's fees is within the discretion of the trial court. We disagree. To begin with, recoverable damages specifically are restricted to "actual damages that resulted from the violation, together with reasonable attorney's fees." Clearly, this language leaves no discretion to the trial court. Construing the meaning of "may" in R.C. 5321.16(C), The Tenth District Court of Appeals reasoned,
The word "may" is not utilized in this statute in a manner of giving discretion to the trial court, but, rather, in the sense of giving a right to the tenant. To the extent that the word is discretionary, rather than mandatory, the discretion is vested in the tenant, not the court.
We hold that this reasoning is equally persuasive when construing the meaning of "may" in R.C. 5321.05(C)(1). Moreover, this interpretation is in keeping with the goal of the statute, in that the contrary interpretation would render an inequality upon Ohio landlords.
We agree with the trial court that attorney's fees are to be taxed as costs, rather than as damages.[12] As such, a determination regarding the amount of attorney's fees is within the sound discretion of the trial court.[13] Therefore, on remand, the appellants should be permitted to submit proof of their attorney's fees to aid the trial court in its determination.
Accordingly, the appellants' third assignment of error is granted.
Having found error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm in part and reverse in part the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Affirmed in Part and Reversed in Part.
SHAW, P.J., and WALTERS, J., concur.
[1] Allstate Ins. Co. v. Dorsey (1988), 46 Ohio App.3d 66, 68, citingShroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20, 21-22.
[2] Ohio Cas. Ins. Co. v. Wills (1985), 29 Ohio App.3d 219, 221.Dorsey, 46 Ohio App.3d at 76 ("In order for [a tenant] to be held liable for damages caused by the negligent acts of a third person, it must be shown that [the tenant] was at least cognizant of the third person's presence, and of his intentions or actions.")
[3] Wills, 29 Ohio App.3d 219, 221.
[4] (July 13, 1998), Ross App. No. 97CA2351, unreported.
[5] Id.
[6] Stults Associates, Inc. v. United Mobile Homes, Inc. (Oct. 14, 1998), Marion App. No. 9-97-66, unreported; Nationwide Mut. Fire Ins.Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108.
[7] (1995), 71 Ohio Misc.2d 58.
[8] Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 82;Pleasant v. Greenfield Stations Apts. (Oct. 20, 1995), Montgomery App. No. 15282, unreported.
[9] Seasons Coal Co., 10 Ohio St.3d at 80; C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, 280.
[10] Sherwin v. Cabana Club Apts. (1980), 70 Ohio App.2d 11,18-19.
[11] Vardeman v. Llewellyn (1985), 17 Ohio St.3d 24, 28.
[12] Drake v. Menczor (1980), 67 Ohio App.2d 122, syllabus.
[13] Id.