This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, James Chaney and Wayne Mutual Insurance Co., appeal from the judgment entered in favor of Appellees, Elizabeth Tullos and Shannon Simon, in the Summit County Court of Common Pleas. We reverse and remand the cause with instructions to the Summit County Court of Common Pleas to enter judgment for Appellants in accordance with this opinion.
 I.
The underlying facts in this matter are undisputed. On June 3, 1997, Anzia Parks ("Parks"), Elizabeth Tullos ("Tullos"), and Shannon Simon ("Simon") entered into a written lease agreement with James Chaney ("Chaney") to lease an apartment located at 322 Torrey Street, in Akron, Ohio, for the 1997-1998 school year. The written lease agreement contained the following two clauses:
 "MULTIPLE OCCUPANCY: It is expressly understood that this agreement is between Lessor and Lessees whom [sic] have signed this document jointly and severally, and each and every Lessee shall be fully liable for timely payment of all installments and for full performance of all other provisions of this agreement.
"* * *
 "DAMAGE OR DESTRUCTION: * * * Lessee agrees to pay for all damages or destruction caused by Lessee or Lessee's invitees or guests."
On October 29, 1997, the rental premises were damaged from a fire caused by Parks' negligence. The fire caused damage to the property in the amount of $20,683.56. Wayne Mutual Insurance Company ("Wayne Mutual") insured the rental property, and, pursuant to its insurance policy, paid Chaney $20,183.56 for his loss. Chaney sustained an individual loss in the amount of $500 because his insurance policy with Wayne Mutual contained a $500 deductible. Pursuant to the insurance policy, Wayne Mutual became subrogated to the claims of its insured in the amount paid.
On July 22, 1998, Wayne Mutual and Chaney filed a complaint against Tullos, Simon, and Parks, seeking recovery on theories of negligence, breach of contract, and a violation of R.C. Chapter 5321, Ohio's Landlords and Tenants Act. They argued all three tenants were jointly and severally liable for the fire damages. Tullos and Simon filed a joint answer, but Parks failed to respond. On November 30, 1998, the trial court rendered default judgment against Parks in favor of Wayne Mutual in the amount of $20,183.56 with 10% per annum interest and costs and judgment in favor of Chaney in the amount of $500 with 10% per annum interest.
On April 30, 1999, Wayne Mutual and Chaney moved for summary judgment against Tullos and Simon. Tullos and Simon filed a response. On August 26, 1999, the trial court denied Wayne Mutual and Chaney's motion for summary judgment and granted summary judgment in favor of Tullos and Simon, who had not moved for summary judgment. On appeal, we reversed that judgment and remanded for further proceedings. See Wayne Mut. Ins.Co. v. Parks (Sept. 13, 2000), 9th Dist. No. 19781.
On remand, the matter proceeded to be heard by the court upon stipulations of fact and briefs of the parties. The only issue was whether Tullos and Simon could be held liable for Parks' negligence under Ohio's Landlords and Tenants Act, in particular, R.C. 5321.05, and under the lease agreement. The trial court found that (1) there was no violation of R.C. Chapter 5321 which would give rise to liability on the part of Tullos and Simon, and (2) the provision of the lease which purported to hold the lessees liable for damages caused by either the lessees or their invitees or guests was unenforceable as a matter of law because it was a blanket assignment of liability to a tenant and was, therefore, inconsistent with R.C. 5321.06. This appeal followed.
 II. Assignment of Error I "THE TRIAL COURT ERRED WHEN IT HELD THAT APPELLEES ELIZABETH TULLOS AND SHANNON SIMON COULD NOT BE HELD LIABLE FOR THE NEGLIGENCE OF ANZIA PARKS; ALL THREE OF WHOM JOINTLY SIGNED A RENTAL AGREEMENT WITH PLAINTIFF JAMES CHANEY AGREEING TO BE JOINTLY AND SEVERALLY LIABLE FOR ALL THE PROVISIONS CONTAINED IN THE RENTAL AGREEMENT."
 Assignment of Error II "THE TRIAL COURT ERRED WHEN IT HELD THAT THE LEASE AGREEMENT ENTERED INTO BY THE PARTIES IS INCONSISTENT WITH REV. CODE 5321.05(A)(6) AND THEREFORE UNENFORCEABLE."
Appellants' first and second assignments of error are interrelated, and, as such, we will address them together for ease of discussion. In their first assignment of error, Appellants assert that the appellees are clearly jointly and severally liable under the lease for the damages caused by Parks. In their second assignment of error, Appellants argue that joint and several liability is imposed upon the lessees by R.C.5321.05(A)(6). Appellants further assert that the lease provision which speaks to the joint and several liability of the lessees is not inconsistent with R.C. Chapter 5321, and is, therefore, enforceable. We agree with Appellants in part.
We begin our discussion by noting the appropriate standard of review. The parties stipulated to the underlying facts in this case, and the only issue on appeal is whether the trial court correctly applied the law to those facts. As this presents us solely with a question of law, our review is de novo. See Akron v. Frazier (2001), 142 Ohio App.3d 718,721, citing State v. Sufronko (1995), 105 Ohio App.3d 504, 506. Upon review de novo, an appellate court does not give deference to the trial court's determination. Id. See, also, Tamarkin Co. v. Wheeler (1992),81 Ohio App.3d 232, 234.
Traditional contract principles apply when a court interprets rental agreement provisions. Pool v. Insignia Residential Group (1999),136 Ohio App.3d 266, 270. If a contract is clear and unambiguous, its interpretation is a question of law. Red Head Brass, Inc. v. BuckeyeUnion Ins. Co. (1999), 135 Ohio App.3d 616, 627; Beaver Excavating Co.v. United States Fid. Guar. Co. (1998), 126 Ohio App.3d 9, 14. In interpreting rental agreements, as with other written contracts, we look to the terms of the lease to determine the intention of the parties. SeeMinor v. Allstate Ins. Co., Inc. (1996), 111 Ohio App.3d 16, 20. The intent of the parties to a lease is "presumed to reside in the language they chose to employ in the agreement." Fleming v. Rusch Properties
(Mar. 1, 2001), 10th Dist. No. 00AP-595, citing Skivolocki v. East OhioGas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus.
The lease in this case states "each and every lessee shall be fully liable for timely payment of all installments and for full performance of all other provisions of this agreement." The plain and ordinary meaning of this provision is that each lessee is jointly and severally liable for the lessees' obligations under the lease. One such obligation requires the lessee to pay for all damages or destruction caused by the lessee or the lessee's invitees or guests. Thus, if one lessee causes damage to the premises, the other two lessees are jointly and severally liable. However, before enforcing these provisions of the rental agreement, we must ensure that the provisions are not contrary to Ohio's Landlords and Tenants Act, codified at R.C. 5321.01 et seq.
Ohio's Landlords and Tenants Act governs the relationship between landlords and residential tenants in Ohio. Pursuant to R.C. 5321.06, "[a] landlord and a tenant may include in a rental agreement any terms and conditions, including any term relating to rent, the duration of an agreement, and any other provisions governing the rights and obligations of the parties that are not inconsistent with or prohibited by Chapter 5321. of the Revised Code or any other rule of law." R.C. 5321.06. See, also, Allstate Ins. Co. v. Dorsey (1988), 46 Ohio App.3d 66, 68. When the terms included in the rental agreement are inconsistent with or prohibited by R.C. Chapter 5321, they are rendered unenforceable by R.C.5321.06. Dorsey, 46 Ohio St.3d at 68.
Nothing in R.C. Chapter 5321 prohibits a landlord and tenant from including a provision in the rental agreement whereby a tenant agrees to pay for damage he, himself, causes to the premises, nor do any sections of Chapter 5321 prohibit the inclusion of a joint and several liability clause when the rental agreement provides for multiple lessees. See R.C.5321.13. Therefore, these clauses in the rental agreement are not rendered unenforceable for being terms or conditions that are prohibited by Ohio's Landlords and Tenants Act.
We also find that these conditions in the rental agreement are not inconsistent with R.C. Chapter 5321. Appellees rely on this Court's opinion in Dorsey to support their assertion that the trial court was correct in concluding that the damages clause is inconsistent with R.C.5321.05(A)(6). The trial court also relied on Dorsey when it found that the damages provision was inconsistent with R.C. 5321.05(A)(6).[1]
However, we find that the reliance on Dorsey is misplaced.
R.C. 5321.05 provides:
 "(A) A tenant who is a party to a rental agreement shall do all of the following:
"* * *
 "(6) Personally refrain and forbid any other person who is on the premises with his permission from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the premises[.]"
In Dorsey, this Court held that, in order to hold a tenant liable for the negligent acts of a third party under R.C. 5321.05(A)(6), the landlord must show that the tenant was at least cognizant of the third person's presence, and of his intentions or actions. Dorsey,46 Ohio App.3d at 67. This Court further found that there was no liability under the lease, which provided that "[t]he [lessee] shall be liable and shall pay for damage to property, appliances, broken glass, plumbing, [and] sewer and drain stoppage caused by carelessness." This Court found the provision inconsistent with R.C. 5321.05(A)(6), and held it unenforceable, because the provision "makes Dorsey liable for all damages caused by anyone's carelessness[.]" Id. at 68. However, Dorsey addressed the issue of holding a tenant liable under the lease agreement and R.C.5321.05(A)(6) for the acts of a third party. Nothing in Dorsey addressed holding a tenant liable for his own acts. Thus, we find any reliance onDorsey to be misplaced.
Appellees also rely on Kinn v. Showe Mgt. Corp., 3d Dist. No. 5-01-46, 2002-Ohio-1390. In Kinn, the Third District Court of Appeals held that a tenant could not be held liable under R.C. 5321.05(A)(6) for the negligent acts of a co-tenant which occurred outside of her presence and knowledge. Neither Dorsey nor Kinn addressed a term in a rental agreement that specifically imposed joint and several liability upon multiple lessees of the rental premises. Neither case is directly on point, and we, therefore, do not find the reasoning in either case to be persuasive.
The conditions of the rental agreement between Chaney and Parks, Tullos, and Simon, in which each lessee agreed to be held jointly and severally liable and agreed to pay for any damage caused by the lessee's own acts, are not inconsistent with R.C. Chapter 5321; therefore, these terms are not rendered unenforceable by R.C. 5321.06. Accordingly, the trial court erred when it held that Appellees Tullos and Simon could not be held jointly and severally liable for the negligence of Parks.
We therefore sustain Appellants' first and second assignments of error to the extent that we find that Appellees are jointly and severally liable under the lease provision concerning multiple occupancy and that such provision is not rendered unenforceable by R.C. 5321.06. We do not address the portion of Appellants' argument which argues that R.C.5321.05(A)(6) imposes liability on a tenant for a co-tenant's negligence.
 Assignment of Error III "THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT IN FAVOR OF APPELLEES ELIZABETH TULLOS AND SHANNON SIMON."
Our disposition of Appellants' first and second assignments of error renders the third assignment of error moot. We, therefore, decline to address it. See App.R. 12(A)(1)(c).
 III.
Having sustained Appellants' first and second assignments of error in part, we reverse the judgment of the Summit County Court of Common Pleas and remand the cause with instructions that the Summit County Court of Common Pleas enter judgment for Appellants in accordance with this opinion.
CARR, J., WHITMORE, J. CONCUR.
[1] The trial court did not address the issue as to whether the joint and several liability condition was inconsistent with R.C. Chapter 5321, and instead determined only that the damages provision was inconsistent with R.C. 5321.05(A)(6) and therefore unenforceable because the damages provision purports to hold a lessee liable for damages caused by a co-lessee.