[Cite as *Uptown Community Partners, L.P. v. Killings*, 2011-Ohio-5784.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

UPTOWN COMMUNITY PARTNERS, L.P.,   :      APPEAL NO. C-110012
TRIAL NO. 10CV-05767

         :

         Plaintiff-Appellant,          *O P I N I O N.*

         :

     vs.          :

KENELLA KILLINGS,

         :

         Defendant-Appellee.

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  November 10, 2011

*David D. Donnett*, for Plaintiff-Appellant,

*Legal Aid Society of Southwest Ohio, LLC, Nicholas J. DiNardo* and *Jason Fountain* for Defendant-Appellee.

Please note:  This case has been removed from the accelerated calendar.

**SUNDERMANN, Judge**

{¶1}    Uptown Community Partners appeals the trial court's judgment that granted summary judgment to Kenella Killings.  We affirm the judgment of the trial court.

{¶2}    Killings leased an apartment at Gateway Plaza as part of what is known as the Section 8 housing program.  See generally, Section 1437(f)(a), Title 42, U.S. Code.  On January 28, 2010, a babysitter was in Killings's apartment while Killings was shopping.  As the babysitter prepared food in the kitchen, a fire started.  The fire was contained to the kitchen, but Killings's apartment and other apartments in the unit suffered smoke and water damage.

{¶3}    On the same day as the fire, Uptown Community Partners served Killings with an eviction notice.  According to the notice, the reason for the eviction was "Violation of HUD Model Lease: Section 23, letter d, number 1(b).  Specifically: started a fire in her [apartment]."  The notice gave her until February 27, 2010, to leave the premises.  When Killings failed to vacate the apartment, Uptown Community Partners filed a complaint for forcible entry and detainer against her. Killings filed counterclaims sounding in contract and tort against Uptown Community Partners.  Following discovery, Killings moved for summary judgment on Uptown Community Partners's claims.   The trial court granted summary judgment to Killings, and Killings dismissed her counterclaims.

{¶4}    In its sole assignment of error, Uptown Community Partners asserts that the trial court erred when it granted summary judgment to Killings.  Summary judgment is proper when (1) there remains no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds

can come to but one conclusion, and with the evidence construed in favor of the party against whom the motion is made, that conclusion is adverse to that party. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.

{¶5} We note that the lease section referred to in the eviction notice—Section 23(d)(1)(b)—does not exist. Section 23(2)(b) defines material noncompliance as "repeated minor violations of the lease that * * * adversely affect the health or safety of any person or the right of any tenant to the quiet enjoyment to the leased premises and related project facilities." Uptown Community Partners presented no evidence of repeated minor violations of the lease by Killings.

{¶6} R.C. 5321.05 delineates a tenant's obligations under Ohio law. A plain reading of the statute makes clear that a tenant cannot be held liable for damage to an apartment caused by the negligent acts of another person. Rather, the tenant's obligations are limited to personally refraining from and forbidding others from damaging the apartment. R.C. 5321.05(A)(6). The evidence in this case is that Killings was not in the apartment when any damage by the babysitter occurred. Accordingly, Killings could not be held liable for the actions. See *Ohio Casualty Ins. Co. v. Wills* (1985), 29 Ohio App.3d 219, 504 N.E.2d 1164; *Allstate Ins. Co. v. Dorsey* (1988), 46 Ohio App.3d 66, 545 N.E.2d 920.

{¶7} Uptown Community Partners argues that Section 11 of the lease allows it to terminate the lease with Killings. Under that section, Killings agreed that "[w]henever damage is caused by carelessness, misuse, or neglect on the part of the Tenant, his/her family or visitor, the Tenant agrees to pay: the cost of all repairs and do so within 30 days after receipt of the Landlord's demand for repair damages." Under R.C. 5321.06, a lease may include any terms "governing the rights and

obligations of the parties that are not inconsistent with or prohibited by Chapter 5321." But where a lease term is inconsistent with R.C. Chapter 5321, it is unenforceable. See *Dorsey*, supra, at 68. We conclude that the lease's provision that makes a tenant liable for the negligent actions of another person is inconsistent with the obligation imposed by R.C. 5321.05(A)(6), and that the provision is therefore unenforceable.

{¶8}     Uptown Community Partners contends that other courts have held that tenants can be held liable for the negligent acts of other persons and that tenants can be held liable for other persons' acts even if the tenants were unaware of the acts. In *Wayne Mut. Ins. Co. v. Parks*, 9th Dist. No. 20945, 2002-Ohio-3990, the court held that R.C. Chapter 5321 did not prohibit inclusion of a joint and several liability clause in a lease involving multiple lessees. As we discussed, the provision in Uptown Community Partners's lease with Killings squarely conflicts with R.C. 5321.05(A)(6). The clause in question in *Parks* did not conflict with R.C. Chapter 5321. The other case relied on by Uptown Community Partners involved tenants being evicted for the drug activity of their non-tenant relatives or guests, even though the tenants were allegedly unaware of the activity. *Dept. of Housing and Urban Dev. v. Rucker* (2002), 535 U.S. 125, 122 S.Ct. 1320. But the lease terms in *Rucker* were specifically required by federal law. See Section 1437d(l)(6), Title 42, U.S. Code. In the case before us, there is no federal law that requires that a tenant be held liable for the negligence of others. We conclude that the cases are inapposite to the case before us.

{¶9}     Because it conflicts with Ohio law, the provision in the lease that would make Killings liable for the negligent acts of her babysitter is unenforceable. The trial court properly granted summary judgment to Killings. The sole assignment

4

of error, being without merit, is overruled, and we therefore affirm the judgment of the trial court.

Judgment affirmed.

**DINKELACKER, P.J.,** and **HILDEBRANDT, J.,** concur.

Please Note:

The court has recorded its own entry this date.